## Markowitz *v.* Pittsburg & Connellsville Railroad Company, Appellant (No. 2).

*Railroads—Eminent domain—Competency of witness—Evidence.*

In a railroad condemnation case it appeared that a witness for the plaintiff had been a resident of an adjoining borough for thirty years, was assessor for twelve years, tax collector for ten years, and in the insurance business for five years. He testified that he was familiar with the values of property in the borough where the land condemned was located, knew of sales, was acquainted with the parties who sold, and had knowledge of the prices received by them for the properties sold. *Held,* that the witness was competent.

Argued Oct. 26, 1906. Appeal, No. 84, Oct. T., 1906, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1904, No. 242, on verdict for plaintiff in case of Herman Markowitz v. Pittsburg & Connellsville Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Appeal from award of jury of view. Before FRAZER, P. J. The opinion of the Supreme Court states the case.

*Error assigned* was in overruling objections to the competency of James A. Griffith.

Verdict and judgment for plaintiff for $10,695. Defendant appealed.

*Error assigned* was in permitting James A. Griffith to testify.

*John S. Wendt*, with him *Johns McCleave* and *Edward T. Noble*, for appellant.

*John F. Cox*, with him *A. B. Stevenson*, for appellee.

OPINION BY MR. JUSTICE ELKIN, January 7, 1907:

There is but a single assignment of error in this case. It raises the question of the competency of James A. Griffith to testify as to the value of the lots appropriated. What we have said generally on the subject of the competency of witnesses in such cases in Samuel Markowitz v. Pittsburg & Connellsville Railroad Company, in an opinion just handed down applies to the facts in this case. Griffith had been a resident of the borough of Braddock for thirty years, was assessor twelve years, tax collector for ten years and in the insurance business for five years. The borough of Rankin adjoins Braddock and it is clear that the witness because of the business in which he was engaged and the offices held by him, had reliable sources of information on the question of real estate values in the neighborhood. In his testimony he states that he was familiar with the value of property in the borough of Rankin, knew of sales, was acquainted with the parties who sold and had knowledge of the prices received by them for the properties sold. The testimony of this witness was much more favorable to the defendant company than that of many other witnesses who were called and did testify in the case. Even if there was a question as to the competency of this witness we would not be justified in convicting the court below of error under the circumstances, because there was ample testimony independent of this particular witness to submit to the jury on the question of value.

Assignment of error overruled and judgment affirmed.